## RESTRICTING THE ISSUE IN FORCIBLE ENTRY AND DETAINER.

Court of Appeals for Clermont County.

### C. E. McKIBBEN v. CHARLES J. ROSSELOT.

Decided, April, 1915.

*Forcible Entry and Detainer—Employee Discharged and Judgment Given Employer for Possession of the House He Occupied—Reason for the Discharge Not Competent.*

1. In an action in forcible entry· and detainer, brought by an employer against an employee who was given house rent free under his con
· tract of employment, a case has been made out by the employer when he shows a termination of the employment.
2. Testimony in such a case as to the reason for the discharge is incompetent but not prejudicial, and a judgment in favor of the employer will not be disturbed by a reviewing court on the ground of the admission of such testimony.

*Alfred N. Paxton,* for plaintiff in error.
*C. B. Nichols,* contra.

PER CURIAM (Edward H. Jones, Oliver B. Jones and Gorman, JJ.).

This was an action in forcible entry and detainer before A. W. Predmore, a justice of the peace for Jackson township. Judgment was awarded defendant in error by the justice of the peace, and on error to the common pleas court that judgment was affirmed.

It is claimed in this court that the judgments of the justice and of the common pleas are erroneous and should be reversed because of the admission before the justice of certain testimony of the defendant in error which·it was claimed was prejudicial to plaintiff in error.

The relation existing between the parties to this proceeding prior to the commencement of the forcible entry and detainer action arose under a contract of employment in writing whereby Charles J. Rosselot hired C. E. McKibben as a general farm

hand for a period of one year from February 18, 1914, his compensation to be $25 per month, and to be furnished during the year with a dwelling house and garden, pasture and feed for one cow, wood sufficient for his use to be cut in his own time by McKibben, also the right to keep a reasonable amount of poultry. McKibben began work under this contract and entered into possession of the premises allotted to him as a dwelling house, garden and pasture, in accordance with said agreement.

On June 10th, 1914, the action in forcible entry and detainer was commenced to dispossess McKibben of said premises, claiming in the complaint filed by Rosselot that McKibben "hath ever since the 6th day of June, 1914, and doth still unlawfully and forcibly detain" from plaintiff said premises.

A transcript of the docket and journal entries, and a bill of exceptions and the original papers of the trial before the justice are filed in this court. The bill of exceptions does not purport to contain all the evidence adduced on the trial before the justice.

It is claimed by counsel for plaintiff in error that because of the admission of irrelevant testimony the judgment should be reversed. The testimony objected to was that of defendant in error Rosselot who upon the witness stand proceeded to relate the shortcomings of McKibben as a farm hand; wherein he was slow in his work and not a good farmhand; took too long to feed and care for the stock and was otherwise unsatisfactory.

We are of the opinion that this testimony was not competent because of the question of the kind of a farmhand McKibben was, was not an issue in the forcible entry and detainer case. The question to be determined by the justice and the jury in the case was the right of McKibben to hold possession of the premises. If he had been discharged by Rosselot and the contract terminated, either rightfully or wrongfully by the dismissal of McKibben, then in our opinion Rosselot would be entitled to maintain this action and recover possession of the premises. If the breach of the contract was on the part of Rosselot in wrongfully terminating McKibben's employment, McKibben would have his remedy in an action for damages for breach of contract; and in such an action one element of the damages, if he should be held

to have the right of recovery, would be the reasonable value of the use of the premises for the time he had been wrongfully deprived thereof. He, McKibben, could not hold possession of the premises after his discharge by Rosselot, even though his dismissal were wrongful. Therefore it would appear that the question of the rightful or wrongful dismissal of McKibben could not be inquired into, and if the testimony of Rosselot as to the character of a farm hand McKibben was, was for the purpose of showing a justification of his discharge, it was irrelevant.

But we are of the opinion that the admission of the evidence was not prejudicial error, because all that Rosselot need to have shown in order to maintain the issue on his part was the termination of McKibben's employment without entering upon the reasons for his dismissal. For all we know from the incomplete record before us, that fact was shown to the court and jury, and we must presume in the absence of evidence in the record to the contrary, that there was evidence before the justice and the jury to warrant a finding that McKibben had been discharged and his right to occupy the premises terminated before the action had been commenced.

There being no other errors claimed in the record except the admission of this testimony, and that not being prejudicial error, the judgment of the common pleas and justice's courts should be, and they are affirmed.